FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 1 4 2019

JAMES W. McCORMACK, CLERK
By:_____
**PLAINTIFF** DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**MARK KILCREASE-TIGER, Individually and on
Behalf of All Others Similarly Situated**

vs.                                        No. 4:19-cv- 798- DPM

**WELSPUN PIPES, INC.;  WELSPUN
TUBULAR LLC; and WELSPUN USA INC**                **DEFENDANTS**

This case assigned to District Judge _Marshall_
and to Magistrate Judge _Harris_

**ORIGINAL COMPLAINT—COLLECTIVE ACTION**

COMES NOW Plaintiff Mark Kilcrease-Tiger ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Allison Koile and Josh Sanford of Sanford Law Firm, PLLC, for his Original Complaint—Collective Action against Defendants Welspun Pipes, Inc., Weslpun Tubular LLC, and Welspun USA Inc ("Defendants"), he does hereby state and allege as follows:

## I. PRELIMINARY STATEMENTS

1.      This is an individual and collective action brought by Plaintiff, individually and on behalf of all other employees who were classified as salaried by Defendants at any time within a three-year period preceding the filing of this Complaint.

2.      Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendants' failure to pay Plaintiff and other exempted employees lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

4.      The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.      Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint.

6.      Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

7.      The acts complained of herein were committed and had their principal effect within the Western Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8.      Defendants do business in this District and a substantial part of the events alleged herein occurred in this District.

9.      The witnesses to overtime wage violations alleged in this Complaint reside in this District.

10.      On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

## III. THE PARTIES

11.      Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12.    Plaintiff is a resident and citizen of Pulaski County.

13.    Plaintiff was employed by Defendant as a Quality Control Supervisor and was classified by Defendant as an exempt salaried employee from approximately November of 2018 until September of 2019.

14.    At all material times, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA and AMWA.

15.    Defendant Welspun Pipes, Inc., is a foreign corporation, registered and licensed to do business in the State of Arkansas.

16.    Defendant Welspun Pipes, Inc.'s registered agent for service of process in Arkansas is Rajesh Chokhani, 9301 Frazier Pike, Little Rock, Arkansas 72206.

17.    Defendant Welspun Pipes, Inc., is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the collective.

18.    Defendant Welspun Pipes, Inc., is a leading supplier of various types of pipes to the oil and gas industry, producing Longitudinal, Spiral and HFERW/HFIW pipes to create pipelines for various oil and gas companies around the world.

19.    Defendant Welspun Pipes, Inc., operates multiple manufacturing facilities worldwide, including a facility in Arkansas, and has one corporate headquarters that centralizes all pay, time and human resource policies so that they are the same across its facilities.

20.    During the time period relevant to this case, Plaintiff was employed at Defendant Welspun Pipes, Inc.'s manufacturing facility in Little Rock.

21.     Defendant Welspun Pipes, Inc., has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others, such as raw material used to manufacture wind blades, machinery and tools.

22.     Defendant' Welspun Pipes, Inc.'s annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the Defendant Welspun Pipes, Inc., is a foreign corporation, registered and licensed to do business in the State of Arkansas.

23.     Defendant Welspun Tubular LLC is a foreign limited liability company, registered and licensed to do business in the State of Arkansas.

24.     Defendant Welspun Tubular LLC's registered agent for service of process in Arkansas is Rajesh Chokhani, 9301 Frazier Pike, Little Rock, Arkansas 72206.

25.     Defendant Welspun Tubular LLC is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the collective.

26.     Defendant Welspun Tubular LLC is a leading supplier of various types of pipes to the oil and gas industry, producing Longitudinal, Spiral and HFERW/HFIW pipes to create pipelines for various oil and gas companies around the world.

27.     Defendant Welspun Tubular LLC operates multiple manufacturing facilities worldwide, including a facility in Arkansas, and has one corporate headquarters that centralizes all pay, time and human resource policies so that they are the same across its facilities.

28.     During the time period relevant to this case, Plaintiff was employed at Defendant Welspun Tubular LLC's manufacturing facility in Little Rock.

29.     Defendant Welspun Tubular LLC has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others, such as raw material used to manufacture wind blades, machinery and tools.

30.     Defendant Welspun Tubular LLC's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

31.     Defendant Welspun USA Inc is a foreign corporation, registered and licensed to do business in the State of Arkansas.

32.     Defendant Welspun USA Inc's registered agent for service of process in Arkansas is the Corporation Service Company, 300 Spring Building, Suite 900, 300 South Spring Street, Little Rock, Arkansas 72201.

33.     Defendant Welspun USA Inc is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the collective.

34.     Defendant Welspun USA Inc is a leading supplier of various types of pipes to the oil and gas industry, producing Longitudinal, Spiral and HFERW/HFIW pipes to create pipelines for various oil and gas companies around the world.

35.     Defendant Welspun USA Inc operates multiple manufacturing facilities worldwide, including a facility in Arkansas, and has one corporate headquarters that

centralizes all pay, time and human resource policies so that they are the same across its facilities.

36.     During the time period relevant to this case, Plaintiff was employed at Defendant Welspun USA Inc's manufacturing facility in Little Rock.

37.     Defendant Welspun USA Inc has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others, such as raw material used to manufacture wind blades, machinery and tools.

38.     Defendant Welspun USA Inc's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

39.     Defendant's Welspun Pipes, Inc., Welspun Tubular LLC and Welspun USA, Inc. jointly operate the manufacturing facility at which Plaintiff and other potential collective members were employed.

40.     Defendants, together, have unified control over employees and jointly exercise authority over Plaintiff and other employees, set the pay policy applicable to Plaintiff and other employees and control the work schedule of Plaintiff and other employees.

## IV. FACTUAL ALLEGATIONS

41.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

42.     During part of the three (3) years prior to the filing of this lawsuit, Plaintiff and other similarly situated employees were classified by Defendants as salaried employees that were exempt from the minimum wage and overtime provisions of the FLSA and AMWA.

43.     Plaintiff and other employees who were classified as exempt (hereinafter "exempted employees") regularly worked in excess of forty (40) hours per week throughout their tenure with Defendants.

44.     Plaintiff and other exempted employees were misclassified as exempt and were purportedly paid a salary.

45.     Plaintiff and other exempted employees never agreed that their salary would be sufficient to cover all hours worked.

46.     Upon commencement of work for Defendants, Plaintiff and other exempted employees did not sign any contract of employment setting forth their hours or wages. Their annual compensation was not less than $455.00 per week nor more than $100,000.00 per year.

47.     In performing their services for Defendants, Plaintiff and other exempted employees were not required to utilize any professional education relevant to their job duties.

48.     During the course of their employment, Plaintiff and other exempted employees did not manage Defendant or a customarily recognized subdivision thereof.

49.     Plaintiff and other exempted employees did not select any employees for hire nor did they provide any training for any employee. Plaintiffs and other similarly-situated employees had no ability to hire and fire any employee.

50.     Plaintiff and other exempted employees did not have any control of or authority over any employee's rate of pay or working hours.

51.     Plaintiff and other exempted employees did not maintain or prepare production reports or sales records for use in supervision or control of the business.

52.     Similarly, Plaintiff and other exempted employees did not have any responsibility for planning or controlling budgets.

53.     Plaintiff and other exempted employees regularly worked over forty (40) hours per week.

54.     Defendants did not pay Plaintiff and other exempted employees one-and-one-half (1.5) times their regular rate for hours worked over forty (40) in a workweek; Defendants did not pay Plaintiff and other exempted employees any overtime premium for hours worked in excess of forty (40) in a workweek.

55.     Defendants' exempted employees were classic manual laborers, working with machinery and equipment to produce Defendants' products in a factory setting.

56.     Plaintiff worked for Defendants at Defendants' facility in Little Rock (hereinafter the "Little Rock facility") and Defendants' pay practices were the same for all exempted employees at the Little Rock facility.

57.     The pay practices that violate the FLSA and AMWA alleged herein was a centralized human resources policy implemented uniformly from Defendants' corporate headquarters.

58.     Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiff and other exempted employees violated the FLSA and AMWA.

59.     At all times relevant hereto, Defendants were aware of the minimum wage and overtime requirements of the FLSA.

60.     At all times relevant hereto, Defendants were aware that Plaintiff and other exempted employees did not qualify for any exemption to the minimum wage and overtime requirements of the FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

61.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

62.     Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

63.     Plaintiff brings his FLSA claims on behalf of all exempted employees employed by Defendants at any time within the applicable statute of limitations period, who were classified by Defendants as exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A.      Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendants in excess of forty (40) hours in a workweek;

B.      Liquidated damages; and

C.      Attorneys' fees and costs.

64.     The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

65.     The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.     They were mis-classified by Defendants as exempt from the overtime requirements of the FLSA;

B.     They were purportedly paid hourly rates;

C.     They recorded their time in the same manner; and

D.     They were subject to Defendants' common policy not paying any overtime pay for hours worked over forty (40) per work week.

66.     Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds 50 persons.

67.     Defendants can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI. FIRST CLAIM FOR RELIEF

### (Individual Claim for Violation of FLSA)

68.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

69.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in

a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

70.     Defendants intentionally misclassified Plaintiff as exempt from overtime compensation.

71.     During the relevant time period, Defendants unlawfully refrained from paying Plaintiff a lawful overtime premium for hours worked over forty per week.

72.     Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

73.     By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA for all violations that occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

74.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF

### (Collective Action Claim for Violation of FLSA)

75.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

76.     Plaintiff brings this collective action on behalf of all exempted employees employed by Defendants to recover monetary damages owed by Defendants to Plaintiff

and members of the putative collective for all the overtime compensation for all the hours he and they worked in excess of forty (40) each week.

77.     Plaintiff brings this action on behalf of himself individually and all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

78.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

79.     In the past three years, Defendants have employed many exempted employees.

80.     Like Plaintiff, these exempted employees regularly worked more than forty (40) hours in a week.

81.     Defendants failed to pay these workers at the proper overtime rate and intentionally misclassified these workers as exempt from overtime compensation.

82.     Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in class may be properly defined as:

> **Each exempted employee who worked for Defendants at any time within the three years preceding the filing of Plaintiff's Original Complaint.**

83.     Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

84.     By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA, plus periods of equitable tolling.

85.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. THIRD CLAIM FOR RELIEF

### (Individual Claim for Violation of the AMWA)

86.     Plaintiff repeats and re-alleges all previous paragraphs of this Original Complaint as though fully incorporated in this section.

87.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.*

88.     At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

89.     Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

90.     Defendants intentionally misclassified Plaintiff as exempt and failed to pay Plaintiff all overtime wages owed, as required under the AMWA.

91.     During the relevant time period, Defendants unlawfully refrained from paying Plaintiff a lawful overtime premium for hours worked over forty per week.

92.     Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

93.     By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

94.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Mark Kilcrease-Tiger respectfully prays that Defendants be summoned to appear and to answer herein as follows:

(A)     That Defendants be required to account to Plaintiff, the collective members, and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

(B)     A declaratory judgment that Defendants' practices violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(C)     A declaratory judgment that Defendants' practices violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(D)     Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(E)     Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.;*

(F)     Judgment for damages for all unpaid overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(G)     Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the collective during the applicable statutory period;

(H)     Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations; in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

(I)     An order directing Defendants to pay Plaintiff and members of the collective pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

(J)     Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**MARK KILCREASE-TIGER,**
**Individually and on Behalf of**
**All Others Similarly Situated,**
**PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Allison Koile
Ark. Bar No. 2011154
allison@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com