IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MARK KILCREASE-TIGER, Individually and**            **PLAINTIFF**
**on Behalf of All Others Similarly Situated**

**V.**            **NO. 4:19-CV-798-DPM**

**WELSPUN PIPES, INC.; WELSPUN**            **DEFENDANTS**
**TUBULAR, LLC; and WELSPUN USA, INC.**

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants Welspun Pipes, Inc., Welspun Tubular, LLC and Welspun USA, Inc. (Defendants), by and through their undersigned counsel, and for their Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1, state:

1. Plaintiff filed this action seeking unpaid overtime wages pursuant to the Fair Labor Standards Act (FLSA) and the Arkansas Minimum Wage Act. *See* ECF No. 1. Specifically, Plaintiff contends he was misclassified as exempt while working as a Quality Control Supervisor.

2. Plaintiff brought his claims as a collective action on behalf of himself and all others similarly situated pursuant to Section 216(b) of the FLSA, but a class was never certified. As such, Plaintiff proceeds individually.

3. Defendant Welspun Tubular, LLC admits that it employed Plaintiff as a Quality Control Supervisor but dispute that he was misclassified or owed any back wages. Defendants Welspun Pipes, Inc. and Welspun USA, Inc. deny that they were ever Plaintiff's "employer" as defined by the FLSA and AMWA.

4. Plaintiff's claims must be dismissed with prejudice pursuant to Rule 56 of the Federal Rules of Civil Procedure because, as established in Defendants' contemporaneously-filed

Statement of Undisputed Facts and its Brief in Support of Motion for Summary Judgment, which are incorporated herein by reference, Plaintiff cannot present any evidence to identify a dispute as to any material fact to be weighed by a jury. To the contrary, the overwhelming evidence demonstrates that Defendants are entitled to judgment as a matter of law.

5. Specifically, Fed. R. Civ. P. 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56; *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Kirklin v. Joshen Paper & Packaging of Ark. Co.*, 911 F.3d 530, 534 (8th Cir. 2018). "[T]he plain language of Fed. R. Civ. P. 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case," and as such a failing necessarily renders all other facts immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

6. Additionally, this Motion is further supported by the following documents:

| | |
|---|---|
| **EXHIBIT 1** | Deposition of Mark Kilcrease-Tiger |
| **EXHIBIT 2** | Declaration of Ragesh Sheth |
| **EXHIBIT 3** | Declaration of Kaushik Rana |
| **EXHIBIT 4** | Declaration of Blake Alban |
| **EXHIBIT 5** | Training Certificates |
| **EXHIBIT 6** | New Hire Form |
| **EXHIBIT 7** | Employee Discipline Forms |
| **EXHIBIT 8** | Employee Correspondence |
| **EXHIBIT 9** | Welspun Employee Handbook Excerpts |

**EXHIBIT 10**        QC Supervisor Job Description

WHEREFORE, Defendants respectfully request that the Court grant this Motion for Summary Judgment and dismiss Plaintiff's Complaint, with prejudice, and for all other just and proper relief to which they may be entitled.

          Respectfully submitted,

          J. Bruce Cross (#74068)
          Missy McJunkins Duke (#99167)
          Gregory J. Northen (#2011181)
          CROSS, GUNTER, WITHERSPOON
             & GALCHUS, P.C.
          500 President Clinton Avenue, Suite 200
          Little Rock, Arkansas 72201
          Phone:  501-371-9999 / Fax:  501-371-0035
          E-mail:  bcross@cgwg.com
          E-mail:  gnorthen@cgwg.com
          **ATTORNEYS FOR DEFENDANTS**