IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MARK KILCREASE-TIGER, Individually
and on Behalf of All Others Similarly
Situated                                                                                  PLAINTIFF

v.                                          No. 4:19-cv-798-DPM

WELSPUN PIPES, INC.;  WELSPUN
TUBULAR, LLC;  and WELSPUN USA,
INC.                                                                                      DEFENDANTS

ORDER

1. Welspun manufactures high-grade line pipe at a facility in Little Rock, Arkansas. This pipe is used to carry oil, gas, sand-oil, water, and other materials. Kilcrease-Tiger worked this facility for around ten months as a quality control supervisor. He alleges that Welspun wrongly exempted him from overtime pay; Welspun says it classified him correctly, and seeks summary judgment. The Court takes the material facts, where genuinely disputed, in Kilcrease-Tiger's favor. *Oglesby v. Lesan*, 929 F.3d 526, 532 (8th Cir. 2019).

2. Under federal and state labor laws, employees typically receive overtime pay for hours worked in excess of forty per week. 29 U.S.C. § 207(a)(1);  ARK. CODE ANN. § 11-4-211(a). But, some categories of employees are exempted from this requirement, including "any employee in a bona fide executive, administrative, or professional

capacity . . . . " 29 U.S.C. § 213(a)(1); *see also* ARK. CODE ANN. § 11-4-211(d) (incorporating FLSA's exemptions). Welspun argues that either the administrative exemption or the executive exemption applies to Kilcrease-Tiger.

**3.** Acknowledging that he meets the salary-basis requirement of the administrative exemption, 29 C.F.R. § 541.200(a)(1), Kilcrease-Tiger contends that he doesn't satisfy the second or third requirements.

The second requirement is about the core of the employee's work. It asks whether Kilcrease-Tiger's "primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers." 29 C.F.R. § 541.200(a)(2); *see also* 29 C.F.R. § 541.201. Kilcrease-Tiger's main duties revolved around quality control and supervising personnel, which the regulations specifically recognize as exempt duties. 29 C.F.R. § 541.201(b).

Kilcrease-Tiger urges that his actual work was different. He testified on deposition that his department was often short-handed, which meant he did hands-on quality control work an average of two to three hours during every twelve-hour shift. *Doc. 18-1 at 28 & 30.* Sometimes he did this work for the entire shift. *Ibid.* But even assuming that the quality control linework Kilcrease-Tiger identifies is "manual labor" as understood by the regulations, the record shows his primary duties were administrative. Doing an average of two to three hours of

linework per twelve-hour shift, plus the occasional full shift, isn't enough to make line quality control work his primary duty. 29 C.F.R. § 541.700(a)–(b). And Kilcrease-Tiger's efforts to categorize his other duties as manual labor are unconvincing. Two of Kilcrease-Tiger's quality control supervisor peers testified by affidavit that they don't usually do manual labor, except for the occasional fill-in for less than an hour. Instead, they spend nearly all their time managing and checking others' work. *Doc. 18-3 at 2–3; Doc. 18-4 at 2–3*. Ensuring the quality of Welspun's pipe is directly related to Welspun's general business operations. 29 C.F.R. § 541.200(2). On this record, Kilcrease-Tiger satisfies the second requirement of the administrative exemption. 29 C.F.R. § 541.200(a)(2).

The third requirement is about how much leeway the employee has in his job. It asks whether Kilcrease-Tiger's "primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a)(3); *see also* 29 C.F.R. § 541.202. Kilcrease-Tiger exercised discretion and independent judgment in supervising personnel in the important work of checking this pipe. He did so in several ways:

- assigning staff to various tasks to keep things running;
- recommending terminations or promotions;
- writing up or sending home employees for performance issues; and
- ensuring that employees on his shifts accurately tested pipe.

And Kilcrease-Tiger exercised discretion and independent judgment in quality control. He did so in these ways:

- ensuring all planned production, inspection, and testing occurred;
- ensuring the pipe met or exceeded standards; and
- maintaining responsibility for his shift's productivity.

Notably, Kilcrease-Tiger did all these quality control tasks without direct supervision. He also satisfies the third requirement of the administrative exemption. 29 C.F.R. § 541.200(a)(3).

**4.** Because the administrative exemption applies to Kilcrease-Tiger, the Court need not decide whether the executive exemption applies.

\* \* \*

Welspun's motion for summary judgment, *Doc. 18*, is granted. The Court will dismiss Kilcrease-Tiger's complaint with prejudice.

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

27 October 2020